1   SEYFARTH SHAW LLP
    Daniel Whang (SBN 223451)
2   dwhang@seyfarth.com
    2029 Century Park East, Suite 3500
3   Los Angeles, California 90067-3021
    Telephone:  (310) 277-7200
4   Facsimile:   (310) 201-5219

5   Attorneys for Defendant
    NCR CORPORATION

6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  JOHN BRYANT,                        Case No. **'17 CV 2527 DMS BGS**

12              Plaintiff,              **DEFENDANT'S NOTICE OF**
                                        **REMOVAL OF CIVIL ACTION TO**
13       v.                             **THE UNITED STATES DISTRICT**
                                        **COURT**
14  NCR CORPORATION; and DOES 1-25,
    INCLUSIVE,
15
                Defendants.
16

17

18      **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN**

19  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF, JOHN BRYANT, AND HIS**

20  **ATTORNEYS OF RECORD:**

21      **PLEASE TAKE NOTICE** that Defendant NCR Corporation, ("NCR") files this

22  Notice of Removal, pursuant to 28 U.S.C. sections 1332(a), 1332(c), 1332(d), 1441,

23  1446, and 1453, to effectuate the removal of the above-captioned action from the

24  Superior Court for the County of San Diego to the United States District Court for the

25  Southern District of California.  This Court has original jurisdiction under 28 U.S.C.

26  section 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")) and diversity

27  jurisdiction under 28 U.S.C. section 1332(a).  Removal is proper for the following

28  reasons:

## I.    BACKGROUND

1.      On November 13, 2017, Plaintiff John Bryant ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of San Diego, titled *John Bryant v. NCR Corporation; and DOES 1-25, Inclusive,* Case No. 37-2017-00043026-CU-OE-CTL ("Complaint").  Plaintiff's Complaint alleges six claims for relief on behalf of himself and a purported class of similarly situated individuals and a wrongful termination claim on behalf of himself individually.

2.      On November 17, 2017, NCR's registered agent for service of process received, via personal service, a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Notice of Eligibility to eFile, Alternative Dispute Resolution Information, and Stipulation to Use Alternative Dispute Resolution.  (Declaration of Justin Heineman ("Heineman Decl.") at ¶ 4.)  A true and correct copy of the packet received by NCR is attached hereto as **Exhibit A**, which includes the original Complaint filed on November 13, 2017.

3.      On December 15, 2017, NCR filed its Answer to Plaintiff's original Complaint in San Diego Superior Court.  (Declaration of Daniel Whang ("Whang Decl.") at ¶ 3.)  A true and correct copy of the Answer filed is attached hereto as **Exhibit B**.

4.      Exhibits A and B constitute all process, pleadings, and orders served upon NCR in San Diego Superior Court.

## II.    TIMELINESS OF REMOVAL

5.      The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

6.     The service of process which triggers the 30-day period to remove is governed by state law.  *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7.     This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint on November 17, 2017, and within one (1) year of the commencement of this action.  28 U.S.C. §§ 1446(b), 1446(c)(1).  *See* Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.  Service of a summons in this manner is deemed complete at the time of such delivery.").

## III.   JURISDICTION BASED ON THE CLASS ACTION FAIRNESS ACT

8.     This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), because it is a purported class action with an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, with at least one putative class member and NCR being citizens of different states, and having at least 100 putative class members.

### A.   Plaintiff And NCR Are Diverse

CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant").

#### 1.   Plaintiff is a citizen of California.

9.     For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th

Cir. 1994) ("the place of residence is prima facie the domicile").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *See Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

10.    Plaintiff alleges that he resides in the State of California.  *See* Ex. A at ¶ 2 ("Plaintiff and those similarly situated are California residents ....")  Additionally, the last address that NCR has in its corporate records for Plaintiff is in National City, California, which is located in San Diego County.  (Declaration of Mariana Hall ("Hall Decl.") at ¶ 4.)

11.    Plaintiff further alleges that he worked for NCR in California from November 20, 2008 to May 26, 2016.  (Ex. A at ¶ 5.)  NCR's corporate records indicate that Plaintiff was a customer engineer in California.  (Hall Decl. at ¶ 3.)

12.    Accordingly, NCR is informed and believes that Plaintiff is, and at all relevant times for the purposes of this removal, has been a citizen of the State of California.

**2.    NCR is not a citizen of California.**

13.    Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  To determine a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  *Id*.  Other relevant factors include where corporate executives maintain their offices, where corporate policies and procedures are made, and where primary corporate functions are based.  *See Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal.

2001) (nerve center found to be location where corporation's headquarters was located, where the corporate officers worked, and from where corporate policies and procedures arose).  Thus, the "nerve center" is "where the majority of its executive and administrative functions are performed."  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d. 495, 500 (9th Cir. 2001) (citing *Industrial Tectonics, Inc., v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990)).

14.    NCR is a corporation formed under the laws of the State of Maryland. (Heineman Decl. at ¶ 3.)  NCR's principal place of business is Duluth, Georgia, which is where NCR's corporate headquarters and executive offices are located and where NCR's high-level officers direct, control, and coordinate its activities.  (*Id.*)  *Hertz Corp.*, 130 S. Ct. at 1192.  Additionally, NCR's high-level officers coordinate its executive and administrative functions, such as strategic decision making, legal, human resources, accounting, and finance, among other things, from its corporate headquarters in Duluth, Georgia.  (*Id.*)

15.    Therefore, for purposes of diversity of citizenship, NCR has been at all relevant times a citizen of the States of Maryland and Georgia.  It is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

**3.    Doe defendants are disregarded for diversity purposes.**

16.    The citizenship of the fictitious defendants, Does 1 through 25, are to be disregarded pursuant to 28 U.S.C. section 1441(a).  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

**B.    <u>There Are More Than 100 Potential Class Members</u>**

17.    CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100.  28 U.S.C. § 1332(d)(5)(B).

18.    The proposed class in the Complaint is defined as "all hourly non-exempt customer engineers who performed work for NCR within the State of California at any

5

43306518v.3

time during the period from four years preceding the filing of the Complaint up through the present and until compliance with the law." (Ex. A at ¶ 19.)

19.    NCR employed approximately 542 customer engineers in the State of California from November 13, 2013, to the present. (Hall Decl. at ¶ 5.)

20.    Plaintiff acknowledges that there are at least 100 putative class members. *See* Ex. A at ¶ 24 (While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed as many as 400 workers or more in the relevant time period.").

### C.    The Amount In Controversy Exceeds The Statutory Minimum

21.    CAFA requires that the amount in controversy exceed $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

22.    "[T]he proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

23.    In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorney fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the

parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016, *11 (E.D. Cal. 2011) (for purposes of removal a court "must deal with what has actually been pled").

24.     It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

25.     While NCR denies any liability as to Plaintiff's claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000. All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other documents as identified herein), assuming without any admission, the truth of the allegations. Likewise, these calculations are based on the proposed class alleged in the Complaint, and in no way indicate that class treatment is appropriate in this case, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. NCR expressly reserves the right to challenge Plaintiff's claims, adequacy and standing to represent any class, class definitions, and calculation of damages in all respects. However, for purposes of removal, NCR bases its calculations on the allegations, facts known to NCR, and class definition pled by Plaintiff.

### 1.     Meal period claim

26.     Plaintiff alleges that NCR failed to provide meal periods in accordance with California law. (Ex. A at ¶¶ 47-54.) California Labor Code section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes …." Section 512 further provides that "[a]n employer may not employ an

DEFENDANT'S NOTICE OF REMOVAL

employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes ….." California Labor Code section 226.7 requires employers to pay an extra hour's pay to employees who are not provided full or timely meal periods.

27.    Plaintiff is silent as to the amount of alleged meal periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy. However, Plaintiff alleges that "NCR had a policy and practice of refusing and/or failing to provide employees a meal period of not less than 30 minutes as required by Labor Code § 512(a) and the applicable IWC Wage Order." (Ex. A at ¶ 50.) Plaintiff also alleges that "[w]hen NCR required Plaintiff and other putative class members to work shifts longer than six hours, it had a policy and practice of failing to provide them with a meal period of at least 30 minutes as required by Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order." (Ex. A at ¶ 15.)

28.    Plaintiff further alleges that he and all putative class members worked more than six hours, requiring NCR to provide him at least one meal period per day. *See* Ex. A at ¶ 13 ("The standard schedule for NCR's customer engineers reflects a nine-hour workday, five days per week."). *See also* Ex. A at ¶ 56 ("NCR required Plaintiff and members of the proposed class to work shifts of eight hours or more in a day.")

29.    Given that Plaintiff alleges that all similarly situated employees in the proposed class worked enough hours each shift to qualify for meal periods, and given that Plaintiff alleges a "policy and procedure" to deny meal periods to all putative class members, the Complaint contemplates that all putative class members suffered meal violations every shift. Accordingly, a 100 percent violation rate can properly be assumed for purposes of calculating the amount in controversy of Plaintiff's meal period claim. *See Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%"); *see also Arreola v. The Finish Line*, 2014 WL 6982571,

DEFENDANT'S NOTICE OF REMOVAL

*4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy – such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation – when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

30.     During his employment, Plaintiff was scheduled to work eight hours a day, five days a week.  (Hall Decl. at ¶ 3.)  During the statutory period, his average hourly rate of pay was $23.01 per hour.  (*Id.*)  Plaintiff was employed for 132 weeks during the alleged statutory period.[1]

     a. Assuming **five** meal period violations per week, the amount in controversy for Plaintiff's meal period claim is **$15,186.60** (5 days × 132 weeks × $23.01).

     b. Assuming **three** meal period violations per week, the amount in controversy for Plaintiff's meal period claim is **$9,111.96** (3 days × 132 weeks × $23.01).

---

[1] The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years.  *See Murphy v. Kenneth Cole Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations.").  However, Plaintiff alleges a claim for meal and rest break premiums pay as part of his unfair competition claim under Business and Professions Code section 17200, *et seq*.  (Ex. A at ¶ 34(b).)  Although NCR contends that meal and rest period premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of his Complaint, the four-year statute of limitations applies for purposes of removal.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining the amount in controversy, the four-year statute of limitations applies.

DEFENDANT'S NOTICE OF REMOVAL

c.  Assuming **one** meal period violations per week, the amount in controversy for Plaintiff's meal period claim is **$3,037.32** (1 day × 132 weeks × $23.01).

31.     Plaintiff alleges that "Plaintiff's claims are typical of the claims of the proposed class," and that they "sustained injuries and economic loss arising out of and caused by Defendant's common course of conduct in violation of laws and regulations alleged in this Complaint." (Ex. A at ¶ 27.)  There are approximately 542 customer engineers who worked in the State of California during the four-year statutory period (from November 13, 2013, to the present).  (Hall Decl. at ¶ 5.)  Thus, the amount in controversy for Plaintiff's classwide meal period claim is as follows:

a.   Assuming **five** meal period violations per week, the amount in controversy for the classwide meal period claim is **$8,231,137.20** (542 employees × $15,186.60).[2]

b.  Assuming **three** meal period violations per week, the amount in controversy for the classwide meal period claim is **$4,938,682.32** (542 employees × $9,111.96).

c.  Assuming **one** meal period violations per week, the amount in controversy for the classwide meal period claim is **$1,646,227.44** (542 employees × $3,037.32).

32.     Accordingly, the amount in controversy on Plaintiff's meal period claim is between approximately **$1,646.227.44** and **$8,231,137.20**.

## 2.     Rest period claim

33.     Plaintiff alleges that NCR failed to authorize and permit rest periods in accordance with California law.  (Ex. A at ¶¶ 55-60.)  Wage Order 4-2001 provides that

---

[2] Plaintiff's employment with NCR ended on May 26, 2016, more than a year before the filing of the Complaint.  However, there are putative class members who remain employed by NCR and worked more weeks than Plaintiff, which would increase the amount in controversy.  But for purposes of calculating the amount in controversy, NCR is accepting as true the allegation that all putative class members are similarly situated to Plaintiff and is, therefore, applying the same number of workweeks that Plaintiff worked during the statutory period.

43306518v.3

employers "shall authorize and permit all employees to take rest periods … at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." California Labor Code section 226.7 requires employers to pay an extra hour's pay to employees who are not authorized and permitted to take mandated rest periods.

34.     Plaintiff is silent as to the amount of alleged rest breaks he claims to have been denied, thereby precluding precise estimates of the amount in controversy. However, Plaintiff alleges that "NCR had a policy and practice of refusing and/or failing to authorize and permit employees to take a rest period of not less than 10 minutes for every four hours of work as required by Labor Code § 226.7 and the applicable IWC Wage Order." (Ex. A at ¶ 56.) Plaintiff also alleges that "NCR required them [Plaintiff and other putative class members] to work shifts of nine hours or longer and did not receive their rest periods." (Ex. A at ¶ 58.)

35.     Plaintiff further alleges that he and all putative class members worked eight hours or more each day. *See* Ex. A at ¶ 56 ("NCR required Plaintiff and members of the proposed class to work shifts of eight hours or more in a day.") Taking these allegations as true, Plaintiff and the putative class were, therefore, entitled to two rest periods per day. *Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1029 (2012).

36.     Given that Plaintiff alleges that all similarly situated employees in the proposed class worked enough hours on each shift to qualify for rest periods, and given that Plaintiff alleges a "policy and procedure" to not authorize and permit rest periods to all putative class members, the Complaint contemplates that all putative class members suffered rest violations every shift. Accordingly, a 100 percent violation rate can properly be assumed for purposes of calculating the amount in controversy of Plaintiff's meal period claim. *See Muniz*, 2007 WL 1302504, at *4 (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%"); *see also Arreola*, 2014 WL 6982571, at *4 ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in

DEFENDANT'S NOTICE OF REMOVAL

controversy – such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation – when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman*, 730 F. Supp. 2d at 1149 ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

37.    During his employment, Plaintiff was scheduled to work five days a week and eight hours per day.  (Hall Decl. at ¶ 3.)  During the statutory period, his average hourly rate of pay was $23.01 per hour.  (*Id*.)  Plaintiff was employed for 132 weeks during the alleged statutory period.

  a.  Assuming **five** rest period violations per week, the amount in controversy for Plaintiff's rest period claim is **$15,186.60** (5 days × 132 weeks × $23.01).

  b.  Assuming **three** rest period violations per week, the amount in controversy for Plaintiff's rest period claim is **$9,111.96** (3 days × 132 weeks × $23.01).

  c.  Assuming **one** rest period violations per week, the amount in controversy for Plaintiff's rest period claim is **$3,037.32** (1 day × 132 weeks × $23.01).

38.    Plaintiff alleges that "Plaintiff's claims are typical of the claims of the proposed class," and that they "sustained injuries and economic loss arising out of and caused by Defendant's common course of conduct in violation of laws and regulations alleged in this Complaint."  (Ex. A at ¶ 27.)  There are approximately 542 customer engineers who worked in the State of California during the four-year statutory period (from November 13, 2013, to the present).  (Hall Decl. at ¶ 5.)  Thus, the amount in controversy for Plaintiff's classwide rest period claim is as follows:

  a.   Assuming **five** rest period violations per week, the amount in controversy for the classwide rest period claim is **$8,231,137.20** (542 employees × $15,186.60).

  b.  Assuming **three** rest period violations per week, the amount in controversy for the classwide rest period claim is **$4,938,682.32** (542 employees × $9,111.96).

43306518v.3

c. Assuming **one** rest period violations per week, the amount in controversy for the classwide rest period claim is **$1,646,227.44** (542 employees × $3,037.32).

39. Accordingly, the amount in controversy on Plaintiff's rest period claim is between approximately **$1,646,227.44** and **$8,231,137.20**.

### 3. Wage statement claim

40. Plaintiff asserts a claim for failing to provide accurate wage statements under California Labor Code section 226. (Ex. A at ¶¶ 61-64.) California Labor Code section 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee. The statute of limitations for recovery of penalties under California Labor Code section 226 is one year. *Caliber Bodyworks, Inc. v. Super. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a).

41. Plaintiff filed his Complaint on November 13, 2017. Therefore, the statutory period for a claim under California Labor Code section 226 begins on November 13, 2016. However, as alleged in the Complaint, Plaintiff ended his employment with NCR on May 26, 2016. *See* Ex. A at ¶ 5 ("Plaintiff Bryant was employed by NCR as a customer engineer from approximately 11/20/08 to 05/26/16."). *See also* Hall Decl. at ¶ 3.

42. Since Plaintiff ended his employment more than a year before filing the Complaint, his claim for inaccurate wage statements is time barred. Accordingly, NCR attributes no value to the amount in controversy for Plaintiff's wage statement claim.

### 4. Unpaid Overtime

43. Plaintiff asserts a claim for unpaid overtime "for certain hours worked before and after their shifts, including time spent sending and receiving work-related emails, inputting payroll and timekeeping records, receiving and reviewing work orders, researching and ordering parts from NCR's intranet, and processing and returning used parts back to NCR." (Ex. A at ¶ 44.)

13

43306518v.3

44.     Plaintiff does not provide any details in the Complaint as to how much time he alleged spent off the clock performing these tasks.  As Plaintiff alleges that Plaintiff and putative class members "were required to work shifts of nine hours or longer," any compensation for the alleged off-the-clock tasks would be at overtime rates.

45.     Without any additional information provided by Plaintiff in his Complaint, NCR conservatively estimates (for purposes of calculating the amount in controversy only) that it would take at least three minutes per day to review work-related email, input payroll and timekeeping records, receive and review worker orders, research and order parts, and process and return used parts.

46.     During his employment, Plaintiff was scheduled to work five days a week and eight hours per day.  (Hall Decl. at ¶ 3.)  During the statutory period, his average overtime rate of pay was $34.52 per hour.  (*Id.*)  Plaintiff was employed for 132 weeks during the alleged statutory period.  Thus, assuming three minutes of off-the-clock work per day, the amount in controversy for Plaintiff's overtime claim is **$1,139.16** (0.25 hours per week × $34.52 × 132 weeks).

47.     Plaintiff alleges that "Plaintiff's claims are typical of the claims of the proposed class," and that they "sustained injuries and economic loss arising out of and caused by Defendant's common course of conduct in violation of laws and regulations alleged in this Complaint."  (Ex. A at ¶ 27.)  There are approximately 542 customer engineers who worked in the State of California during the four-year statutory period (from November 13, 2013, to the present).  (Hall Decl. at ¶ 5.)  Thus, the amount in controversy for Plaintiff's classwide overtime claim is **$617,424.72** ($1,139.16 × 542 employees).

### 5.     Waiting Time Penalties

48.     Plaintiff alleges that "Defendants unfairly and unlawfully have had a policy and practice of failing to pay Plaintiff and the class members all wages earned in their employment on regular paydays and when due as required by Labor Code §§ 201 and 202."  (Ex. At ¶ 67.)

14

43306518v.3

49.    Labor Code section 203(a) provides that, "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" from the date such wages were due until the date paid.  Labor Code § 203(a) also provides that such wages "shall not continue for more than 30 days."

50.    Plaintiff's daily rate of pay at the time of his termination was $185.92.  (Hall Decl. at ¶ 3.)  He is, therefore, claiming **$5,577.60** in waiting time penalties.  ($185.92 daily rate × 30 days = $5,577.60.)

51.    The statute of limitations for claims under Labor Code § 203 would be from November 13, 2014 (three years before the Complaint was filed) to the present.  *See Pineda*, 50 Cal. 4th at 1398 ("section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties").  From November 13, 2014 to the present, there are approximately 117 former non-exempt customer engineers who worked for NCR in California.  (Hall Decl. at ¶ 6.)

52.    Plaintiff alleges that "Plaintiff's claims are typical of the claims of the proposed class," and that they "sustained injuries and economic loss arising out of and caused by Defendant's common course of conduct in violation of laws and regulations alleged in this Complaint."  (Ex. A at ¶ 27.)

53.    Thus, the amount in controversy as to Plaintiff's classwide waiting time penalty claim is **$652,579.20** (117 former employees × $5,577.60).

### 6.    Total Calculation

54.    Although NCR denies Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is approximately **$10,529.943.84**, calculated as follows:

43306518v.3

| $4,938,682.32 | Meal period claim (middle range of 3 meal period violations per workweek) |
| $4,938,682.32 | Rest period claim (middle range of 3 rest period violations per workweek) |
| $0 | Wage statement claim |
| $617.424.72 | Unpaid overtime claim |
| $652,579.20 | Waiting time penalty claim |
| **$10,529.943.84** | **TOTAL** |

### 7. Attorneys' Fees

55.     The figures above do not consider Plaintiff's claim for attorneys' fees. (Ex. A at ¶¶ 41, 46, 54, 64, Prayer for Relief).

56.     Requests for attorneys' fees must also be considered in ascertaining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

57.     A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Longmire v. HMS Host USA, Inc.,* 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.").

58.     In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when

DEFENDANT'S NOTICE OF REMOVAL

warranted.  *See Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach").  Even under the conservative benchmark of 25 percent of the total recovery, attorneys' fees alone would be upward of **$2,632,485.96** in this case ($10,529.943.84 × 0.25).

59.    Therefore, the amount in controversy for the causes of action discussed above, inclusive of attorneys' fees, is **$13,162,429.80**.

60.    Although NCR denies Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

61.    Because minimal diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

62.    To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## IV.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

63.    This Court also has original jurisdiction under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable under 28 U.S.C. sections 1441 and 1446 as the amount in controversy of Plaintiff's individual claims exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

### A.    Complete Diversity Between Plaintiff And NCR

64.    As discussed above, Plaintiff is a citizen of California.  Also as discussed above, NCR is a citizen of Maryland and Georgia.  *See, supra,* ¶¶ 9-16.

DEFENDANT'S NOTICE OF REMOVAL

43306518v.3

### B.    Amount In Controversy

#### 1.    Plaintiff's individual wage and hour claims

65.    As discussed above, the amount in controversy for Plaintiff's individual wage and hour claims are as follows:

| | |
|---|---|
| $9,111.96 | Meal period claim (middle range of 3 meal period violations per workweek) |
| $9,111.96 | Rest period claim (middle range of 3 rest period violations per workweek) |
| $0 | Wage statement claim |
| $1,139.16 | Unpaid overtime claim |
| $5,577.60 | Waiting time penalty claim |
| **$24,940.68** | **Total for Wage and Hour Claims** |

#### 2.    Plaintiff's wrongful termination claim

66.    In addition to wage and hour claims, Plaintiff also asserts an individual claim for wrongful termination, alleging that he was terminated on May 26, 2016, for complaining "about having to use his vacation time as sick time and the other violations" alleged in the Complaint.  (Ex. A at ¶ 72.)  Plaintiff alleges that he is entitled to economic, emotional distress, and punitive damages.  (Ex. A at ¶¶ 74-75.)

67.    **Lost Wages.**  Plaintiff's weekly rate of pay was $929.52.  (Hall Decl. at ¶ 3.)  Plaintiff is purportedly claiming past wage loss from May 26, 2016, through the present, in addition to future wage loss.  As of the date this removal was filed, Plaintiff's potential lost wages are approximately **$76,220.64** (82 weeks × $929.52).  Thus, for Plaintiff's claims for wage and hour violations during his employment and his claim for potential lost wages after the termination of his employment, the amount in controversy for Plaintiff's individual claims is **$101,161.32**.

68.    **Punitive Damages.**  The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Davenport v. Mutual*

18

43306518v.3

*Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be considered where recoverable under state law). NCR is a large entity and a publicly traded company. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

69. **Attorneys' Fees.** Plaintiff also claims that he is entitled to attorneys' fees for his wrongful termination claim. (Ex. A at ¶ 76.) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S*, 142 F.3d at 1156. NCR anticipates depositions being taken in this case, and that ultimately NCR will file a Motion for Summary Judgment. (Whang Decl. at ¶ 4.) Based on defense counsel's experience, attorneys' fees in employment wrongful termination cases often exceed $75,000 if the case proceeds to trial. (*Id.*) In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.

70. Since diversity of citizenship exists between the Plaintiff and NCR and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

71. To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(a), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## V.    <u>VENUE</u>

Venue lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1391(a), 1441, and 84(d). This action

DEFENDANT'S NOTICE OF REMOVAL

originally was brought in San Diego County Superior Court of the State of California, which is located within the Southern District of California.  28 U.S.C. § 84(d). Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.   NOTICE TO STATE COURT AND TO PLAINTIFF

NCR will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of San Diego.  The Notice of Removal is concurrently being served on all parties.

## VII.   PRAYER FOR REMOVAL

WHEREFORE, NCR prays that this civil action be removed from Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

DATED: December 18, 2017                    Respectfully submitted,

SEYFARTH SHAW LLP


By:  *s/ Daniel Whang*
Daniel Whang
Attorneys for Defendant
NCR CORPORATION
E-mail: dwhang@seyfarth.com

DEFENDANT'S NOTICE OF REMOVAL

43306518v.3

1

## **TABLE OF CONTENTS**

2

Description                                                          Page

3

Exhibit A ......................................................................... 1

4

Exhibit B ......................................................................... 25

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

43306518v.3

EXHIBIT A



**null / ALL**
**Transmittal Number: 17416413**
**Date Processed: 11/20/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Cassandra White<br>NCR Corporation<br>3097 Satellite Blvd.<br>Satellite Place<br>Duluth, GA 30096 |
| **Electronic copy provided to:** | Robert Waddell<br>Justin Heineman<br>Benjamin Prevost<br>Christopher Murphy<br>Ed Gallagher |

| | |
|---|---|
| **Entity:** | NCR Corporation<br>Entity ID Number  3346272 |
| **Entity Served:** | NCR Corporation |
| **Title of Action:** | John Bryant vs. NCR Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2017-00043026-CU-OE-CTL |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 11/17/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Evan A. Gould<br>619-291-9858 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NCR CORPORATION; and DOES 1 - 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN BRYANT

<div style="border">

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2017 NOV 13 PM 1:44

SAN D...

</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate those nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 37-2017-00043026-CU-OE-CTL |
|---|---|

SUPERIOR COURT OF THE STATE OF CALIFORNIA, County of San Diego, Central Division
330 West Broadway Street
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan A. Gould
9988 Hibert Street, Suite 301     THE GOULD FIRM
San Diego, CA 92131     (619) 291-9858

| DATE: *(Fecha)* | NOV 13 2017 | Clerk, by *(Secretario)* | I. Quirarte | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

[SEAL]

3. ☑ on behalf of *(specify)*: NCR Corporation
under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Fax

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
Martin Dean's ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

John Bryant



Evan A. Gould, Esq. [SBN 134574]
THE GOULD FIRM
9988 Hibert Street, Suite 301
San Diego, CA 92131
Phone: (619) 291-9858
Fax: (619) 291-9859
gouldfirm@gmail.com

Attorney for Plaintiff John Bryant

2017 NOV 13  PM 1: 44

SAN ...

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DISTRICT

| | |
|---|---|
| JOHN BRYANT, | CASE NO: 37-2017-00043026-CU-OE-CTL |
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| v. | 1. Unfair Business Practices; |
| | 2. Failure to Pay Wages; |
| NCR CORPORATION; and DOES 1 - 25, INCLUSIVE, | 3. Failure to Provide Meal Periods; |
| | 4. Failure to Provide Rest Breaks; |
| | 5. Failure to Provide Accurate Wage Statements; |
| Defendants. | 6. Waiting Time Penalties; and |
| | 7. Wrongful Termination. |

Fax

Plaintiff John Bryant ("Plaintiff"), on behalf of himself and all others similarly situated and on behalf of the general public, complain against Defendant NCR Corporation and Does 1 through 25 (all referred to collectively as "Defendants" or "NCR") as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiffs' claims, based on, among other statutes, California Business & Professions Code §§ 17200, et seq. and California Labor Code §§ 201-203, 226, 226.7, 510-512, and 1194.

2.     This Court has personal jurisdiction over the parties because Plaintiff and those similarly situated are California residents who worked in California for Defendants and Defendants have systematically and continuously conducted business in the State of California.

3.     Venue is proper in this Court because Code of Civil Procedure §§ 395 and 395.5, and

1  case law interpreting those sections, provide that if a business entity fails to designate with the office of

2  the California Secretary of State a principal place of business in California, it is subject to being sued in

3  any county that a plaintiff desires. Based on information and belief, as of the date this Complaint has

4  been filed, Defendant NCR Corporation is a foreign business entity that has failed to designate a

5  principal place of business in California with the office of the Secretary of State.

6      4.      Plaintiff's individual claims are less than $75,000 each and the claims of the proposed

7  class are less than $5,000,000, inclusive of penalties, interest, attorneys' fees and costs.

8                                                  I.

9                              **PARTIES AND BACKGROUND**

10      5.      Plaintiff John Bryant is an adult who worked for NCR in California. Plaintiff Bryant was

11  employed by NCR as a customer engineer from approximately 11/20/08 to 05/26/16.

12      6.      Defendant NCR Corporation is a Maryland corporation with a principal place of business

13  in Dayton, Ohio. It does business throughout California and is a "person" as defined by California Labor

14  Code § 18 and California Business and Professions Code § 17201. In addition, it is an "employer" as

15  that term is used in the California Labor Code and in the California Industrial Welfare Commission's

16  Orders regulating wages, hours, and working conditions.

17      7.      Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1

18  through 25, inclusive, and therefore sue those Defendants by those fictitious names. Plaintiff will amend

19  this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and

20  believes and thereon alleges that each of the fictitiously named Defendants is responsible in some

21  manner for the acts, omissions and other occurrences alleged and that Plaintiff's damages and other

22  losses as alleged are proximately caused by those acts, omissions and occurrences.

23      8.      Plaintiff brings this action on behalf of a proposed state-wide class of employees who

24  worked in California to challenge Defendant's' (a) policy and practice of failing to pay any wages

25  whatsoever, including the minimum wage, to employees for certain hours worked; (b) policy and

26  practice of failing to provide meal periods to employees as mandated by California Labor Code §§ 226.7

27  and 512 and the applicable IWC Wage Order; (c) policy and practice of failing to provide rest periods to

28  employees as provided by California Labor Code § 226.7 and IWC Wage Order; (d) policy and practice

1  of failing to provide complete and accurate itemized wage statements as required by California Labor

2  Code § 226; and (e) policy and practice of failing to pay former employees all wages due and owing at

3  the time of discharge or voluntary quit in violation of California Labor Code §§ 201, 202, and 203.

4        **9.**    Plaintiff bring's this action on behalf of himself and a proposed plaintiff class of all

5  hourly, non-exempt, customer engineers and similar field employees (all of whom will be referred to

6  collectively in this complaint as "customer engineers") employed by NCR within the State of California

7  at any time during the period from four years prior to the filing of this Complaint up through the present

8  and until compliance with the law. Plaintiff seeks recovery of all allowable compensation and other

9  sums for the violations described above, including all applicable penalties, premium pay for missed meal

10  and rest periods, restitution and restoration of sums owed and property unlawfully withheld, statutory

11  penalties, declaratory and injunctive relief, interest, attorneys' fees, and costs.

12                                **II.**

13                       **FACTUAL ALLEGATIONS**

14        **10.**    NCR installs, services, and repairs cash dispensing machines and point of sale machines

15  ("POS machines") for clients throughout California.

16        **11.**    At all relevant times, Plaintiff was employed by NCR as non-exempt hourly employee as

17  a customer engineer.

18        **12.**    Customer engineers employed by NCR do not report to a centralized facility. NCR

19  provides customer engineers with tools that allow them to work from home, including a vehicle, a laptop

20  computer, and a smartphone.

21        **13.**    The standard schedule for NCR's customer engineers reflects a nine-hour workday, five

22  days per week. Nonetheless, NCR had a policy and practice of deducting one hour of time from each

23  workday to account for customer engineers' meal breaks, regardless of whether such breaks actually were

24  taken.

25        **14.**    Further, NCR had a policy and practice of failing to pay Plaintiff and other putative class

26  members any wages for certain hours worked before and after their shifts, including time spent sending

27  and receiving work-related emails, inputting payroll and timekeeping records, receiving and reviewing

28  work orders, researching and ordering parts from NCR's intranet, and processing and returning used

1  parts back to NCR. NCR does not compensate customer engineers these pre-shift and post-shift
2  activities.

3      15.    During the period in which Plaintiff was employed by NCR, Plaintiff was required to
4  work shifts of eight hours or longer. When NCR required Plaintiff and other putative class members to
5  work shifts longer than six hours, it had a policy and practice of failing to provide them with a meal
6  period of at least 30 minutes as required by Labor Code §§ 226.7 and 512 and the applicable IWC Wage
7  Order. Plaintiff alleges on information and belief that other putative class members never waived their
8  right to a meal period.

9      16.    During the respective periods in which Plaintiff was employed by NCR, Plaintiff was
10  required to work shifts of eight hours or longer. NCR had a policy and practice of failing to provide its
11  employees and Plaintiff with discrete rest periods of at least 10 minutes for every four hours of work
12  performed or major fraction thereof as required by Labor Code § 226.7 and the applicable IWC Wage
13  Order.

14      17.    Labor Code § 226 provides that every employer is required, "semimonthly or at the time
15  of each payment of wages," to give each employee an itemized wage statement which includes a
16  statement of "gross wages earned." Labor Code § 226(a). NCR had a policy and practice of failing to
17  provide complete and accurate itemized wage statements to Plaintiff and the putative class as required by
18  Labor Code § 226 in that the wage statements provided did not, among other things, include the accurate
19  hours worked and gross wages earned.

20      18.    NCR had a policy and practice of violating California Labor Code §§ 201, 202, and 203
21  by failing to pay former employees all wages due and owing at the time of discharge or voluntary quit.

22                              III.

23                    CLASS ACTION ALLEGATIONS

24      19.    Plaintiff brings this action on behalf of himself and as a class action under Code of Civil
25  Procedure § 382 on behalf of a class of similarly situated persons employed by NCR in the State of
26  California and on behalf of the general public. Specifically, Plaintiff seeks to represent the class of all
27  hourly non-exempt customer engineers who performed work for NCR within the State of California at
28  any time during the period from four years preceding the filing of this Complaint up through the present

1    and until compliance with the law. Plaintiff also seeks to represent the following sub-classes of

2    employees who worked for NCR at job sites within the State of California:

3       (a)     All hourly non-exempt customer engineers who performed work for NCR at any time

4                 during the period from four years preceding the filing of this Complaint up through the

5                 present and until compliance with the law, inclusive, who were not paid any wages

6                 whatsoever, including minimum wage, for certain hours worked, including time spent

7                 sending and receiving work-related emails, inputting payroll and timekeeping records,

8                 researching and ordering parts from NCR's intranet, and processing and returning used

9                 parts back to NCR;

10      (b)     All hourly non-exempt customer engineers who performed work for NCR at any  time

11                during the period from four years preceding the filing of this Complaint up through the

12               present and until compliance with the law, inclusive, who were not provided meal

13               periods;

14      (c)     All hourly non-exempt customer engineers who performed work for NCR at any time

15               during the period from four years preceding the filing of this Complaint up through the

16               present and until compliance with the law, inclusive, who were not provided rest periods;

17      (d)     All hourly non-exempt customer engineers who performed work for NCR at any time

18               during the period from four years preceding the filing of this Complaint up through the

19               present and until compliance with the law, inclusive, who did not receive complete and

20               accurate wage statements; and

21      (e)     All hourly non-exempt customer engineers who performed work for NCR at any time

22               during the period from four years preceding the filing of this Complaint up through the

23               present and until compliance with the law, inclusive, who were not paid all wages due

24               upon discharge or voluntary quit as required by Labor Code §§ 201-203.

25      20.     The class and subclasses Plaintiff seeks to represent contain numerous members and are

26    clearly ascertainable. Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to

27    amend or modify the class and sub-class descriptions with greater specificity or further division into

28    additional sub-classes or limitation to particular issues.

-5-
*Complaint for Damages*

1    21.    By their unlawful practices and policies, Defendants have violated the rights of their

2  employees under the laws and regulations of the State of California. The questions raised are, therefore,

3  of common or general interest to the class members, who have a well-defined community of interest in

4  the questions of law and fact raised in this action.

5    22.    Plaintiff's claims are typical of those of the class, as Plaintiff now suffers and has suffered

6  in the past from the same violations of the law as other putative class members. Plaintiff has retained

7  competent counsel to represent themselves and the class, and Plaintiff will fairly and adequately

8  represent the interests of the class.

9    23.    This action may properly be maintained as a class action under Code of Civil Procedure §

10  382 because there is a well-defined community of interest in the litigation and the proposed class and

11  subclasses are easily ascertainable.

12  **Numerosity:**

13    24.    The members of the proposed class are so numerous that joinder of all the members of the

14  class is impracticable. While the precise number of class members has not been determined at this time,

15  Plaintiffs are informed and believe that Defendants have employed as many as 400 workers or more in

16  the relevant time period.

17    25.    Plaintiff alleges that Defendants' employment records would contain relevant information

18  as to the number of putative class members.

19  **Commonality:**

20    26.    There are questions of law and fact common to the class that predominate over any

21  questions affecting only individual class members. Those common questions of law and fact include,

22  without limitation, the following:

23    (a)    Whether Defendants had a policy or practice of failing to pay class members for certain

24        hours worked before and after their shifts, including time spent sending and receiving

25        work-related emails, inputting payroll and timekeeping records, receiving and reviewing

26        work orders, researching and ordering parts from NCR's intranet, and processing and

27        returning used parts back to NCR;

28    (b)    Whether Defendants had a policy and practice of failing to provide class members with

-6-
*Complaint for Damages*

all of their required meal periods;

(c)    Whether Defendants had a policy and practice of failing to provide class members with all of their required rest periods;

(d)    Whether Defendants had a policy and practice of violating Labor Code § 226 by failing to provide required information on wage statements, such as gross wages earned, and whether those statements were accurate;

(e)    Whether Defendants had a policy and practice of failing to pay departing class members all wages due at the time of discharge or voluntary quit in violation of Labor Code §§ 201-203; and

(f)    Whether Plaintiff and the members of the class are entitled to equitable relief under Business and Professions Code §§ 17200, et seq.

**Typicality and Adequacy of Representation:**

27.    Plaintiff's claims are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and economic loss arising out of and caused by Defendants' common course of conduct in violation of laws and regulations alleged in this Complaint.

28.    Plaintiff will fairly and adequately protect the interests of all proposed class members. Plaintiff has no interest that is antagonistic to those of the proposed class and is not subject to any unique defenses. Plaintiff also has retained counsel who is experienced in representing employees and protecting employees' rights.

**Superiority of Class Action:**

29.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

30.    Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most effective and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would

-7-
*Complaint for Damages*

EXHIBIT A
Page 9

1  preclude its maintenance as a class action.

2      **31.**    A class action is superior to other available methods for the fair and efficient adjudication

3  of this controversy because individual litigation of the claims of all proposed class members is

4  impractical.  Even if every proposed class member could afford individual litigation, the court system

5  could not.  It would be unduly burdensome to the courts if individual litigation of numerous cases were

6  to be required.  Individualized litigation also would present the potential for varying, inconsistent, or

7  contradictory judgments and would magnify the delay and expense to all parties and to the court system

8  resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action

9  as a class action with respect to some or all of the issues presented herein gives rise to fewer

10  management difficulties, conserves the resources of the court system and the parties and protects the

11  rights of each proposed class member.  Further, it prevents the very real harm that would be suffered by

12  numerous putative class members who simply will be unable to enforce individual claims of this size on

13  their own, and by Defendants' competitors, who will be placed at a competitive disadvantage as their

14  reward for obeying the law.

15  <div align="center">**IV.**</div>

16  <div align="center">**FIRST CAUSE OF ACTION**</div>

17  <div align="center">**(Unfair Business Practices - California Business & Professions Code §§ 17200, et seq.)**</div>

18      **32.**    Plaintiff repeats and realleges each and every paragraph above as though fully set forth

19  herein.

20      **33.**    California Business and Professions Code §§ 17200, et seq., prohibit unfair competition

21  in the form of any unlawful, unfair, deceptive, or fraudulent business act or practice.

22      **34.**    Beginning at an exact date unknown to Plaintiff, but at least since four years preceding

23  the filing of this Complaint, and continuing to the present, NCR committed unlawful acts and practices

24  as defined by California Business and Professions Code §§ 17200, et seq.  Defendants have had a policy

25  and practice of engaging in unlawful and unfair business practices including, but not limited to,

26  violations of:

27      (a)    Labor Code § 1194 (failure to pay all wages, including overtime and minimum wage);

28      (b)    Labor Code §§ 226.7 and 512 (failure to provide meal periods and rest breaks);

<div align="center">-8-<br>*Complaint for Damages*</div>

    (c)    Labor Code § 226 (failure to provide itemized wage statements); and

    (d)    Labor Code §§ 201-203 (failure to pay all wages at time of discharge).

35.    The violations of those laws and the acts and practices described in this Complaint constitute unlawful, unfair, deceptive and fraudulent business acts and practices and unfair competition within the meaning of Business and Professions Code §§ 17200, et seq.

36.    As a direct and proximate result of those acts and practices, Defendants have received and continue to hold as ill-gotten gains, money, and property belonging to Plaintiff, and the class, in that Defendants have profited in those amounts from their unlawful practices.

37.    Business and Professions Code § 17203 provides that the Court may restore to any person an interest in any money or property which may have been acquired by means of unfair competition and order restitution by Defendants to Plaintiff for the practices alleged in this Complaint. Plaintiff and putative class members are entitled under Business and Professions Code §§ 17203 and 17208 to restitution and restoration of all wages unlawfully withheld during the period from four years preceding the filing of this Complaint up through the present and until the violations have been corrected, together with all civil penalties owed in connection with those violations. Plaintiff will, upon leave of the Court, amend this Complaint to state those amounts when they are ascertained.

38.    Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of the proposed class as well as on behalf of himself and the general public. Plaintiff seeks and is entitled to unpaid wages, injunctive relief, and any other remedy owing to Plaintiff and all others similarly situated.

39.    Injunctive relief is necessary and appropriate to prevent Defendants from repeating or continuing their wrongful business practices alleged above.

40.    In order to prevent Defendants from profiting and benefitting from their wrongful and illegal policies and practices, an order requiring Defendants to restore to Plaintiff all monies and property unlawfully gained through Defendants' unlawful practices is appropriate and necessary.

41.    Plaintiff takes upon himself enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiff by forcing Plaintiff to pay attorneys' fees from the recovery in this action. Therefore,

1 | an award of attorneys' fees is appropriate under California Code of Civil Procedure § 1021.5.

2 | **V.**

3 | **SECOND CAUSE OF ACTION**

4 | **(Unpaid Wages, Overtime Pay, Minimum Wages and**

5 | **Liquidated Damages - Labor Code §§ 1194 and 1194.2)**

6 | 42.     Plaintiff repeats and realleges each and every paragraph above as though fully set forth

7 | herein.

8 | 43.     Labor Code § 510 and the applicable IWC Wage Order, require, among other things:

9 | (a)     One and one-half times the employee's regular rate of pay for all hours worked in excess

10 |     of eight hours and up to and including 12 hours in any workday, and for the first eight

11 |     hours worked on the seventh consecutive day of work in a workweek; and

12 | (b)     Double the employee's regular rate of pay for all hours worked in excess of twelve hours

13 |     in any workday and for all hours worked in excess of eight hours on the seventh

14 |     consecutive day of work in a workweek.

15 | 44.     NCR had a policy and practice of failing to pay Plaintiff and other putative class members

16 | any wages, including minimum wages and overtime pay, for certain hours worked before and after their

17 | shifts, including time spent sending and receiving work-related emails, inputting payroll and

18 | timekeeping records, receiving and reviewing work orders, researching and ordering parts from NCR's

19 | intranet, and processing and returning used parts back to NCR. NCR does not compensate customer

20 | engineers these pre-shift and post-shift activities.

21 | 45.     Plaintiff seeks to recover all unpaid wages and overtime pay due to Plaintiff and other

22 | putative class members, as well as minimum wages and liquidated damages, if appropriate, and interest,

23 | under Labor Code §§ 218.6, 1194 and 1194.2.

24 | 46.     Plaintiff seeks attorneys' fees and costs under Labor Code § 1194, which provides for a

25 | private right of action to recover unpaid minimum wage and overtime compensation and also provides

26 | for the recovery of attorneys' fees and costs by prevailing employees.

27 | ////

28 | ////

-10-
*Complaint for Damages*

## VI.

### THIRD CAUSE OF ACTION

#### (Failure to Provide Meal Periods)

47.     Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

48.     At all relevant times, the NCR was an "employer" of Plaintiff and members of the proposed class within the meaning of Labor Code § 512 and the applicable IWC Wage Order.

49.     At all relevant times, Plaintiff and members of the proposed class were "employees" of NCR within the meaning of Labor Code § 512 and the applicable IWC Wage Order.

50.     As alleged above, NCR required Plaintiff and members of the proposed class at various times to work shifts of six hours or longer.  On those occasions when Plaintiff and members of the proposed class worked more than six hours in a single day, NCR had a policy and practice of refusing and/or failing to provide employees a meal period of not less than 30 minutes as required by Labor Code § 512(a) and the applicable IWC Wage Order.  Plaintiff alleges on information and belief, that other members of the proposed class did not waive their rights to their meal periods.

51.     Defendants' practices of failing to provide employees a meal period of not less than 30 minutes when employees were required to work more than six hours in a day, and of requiring employees to work through those meal periods, violate Labor Code §§ 226.7 and 512(a) and the applicable IWC Wage Order.

52.     Plaintiff and members of the proposed class lost money as a direct result of NCR's unlawful practices as alleged above in that they were required to work shifts of nine hours or longer, were not provided meal periods, and were not compensated correctly for not having been provided a meal period.  Accordingly, Plaintiff and members of the proposed class are entitled to proper compensation, restitution and premium pay for each meal period that was not provided as required by law and to the waiting time penalties attached to those violations.

53.     NCR's violations of Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order as alleged above are ongoing and will continue unless and until this Court enters an injunction barring those violations.

-11-
*Complaint for Damages*

1    54.    Plaintiff is entitled to an award of attorneys' fees and costs and expenses incurred in this

2    action under Labor Code § 1194 and Code of Civil Procedure § 1021.5.

3                                             VII.

4                           <u>FOURTH CAUSE OF ACTION</u>

5                           (Failure to Provide Rest Periods)

6    55.    Plaintiff repeats and realleges each and every paragraph above as though fully set forth

7    herein.

8    56.    As alleged above, NCR required Plaintiff and members of the proposed class to work

9    shifts of eight hours or more in a day.  NCR had a policy and practice of refusing and/or failing to

10   authorize and permit employees to take a rest period of not less than 10 minutes for every four hours of

11   work as required by Labor Code § 226.7 and the applicable IWC Wage Order.  Plaintiff alleges on

12   information and belief, that members of the proposed class did not waive their rights to their rest

13   periods.

14   57.    Defendants' practices of failing to provide employees a rest period of not less than 10

15   minutes for every four hours of work, and of requiring employees to work through those rest periods,

16   violate Labor Code § 226.7 and the applicable IWC Wage Order.

17   58.    Plaintiff and members of the proposed class lost money as a direct result of NCR's

18   unlawful practices as alleged above in that they were required to work shifts of nine hours or longer and

19   did not receive their rest periods.  Accordingly, Plaintiff and members of the proposed class are entitled

20   to proper compensation, restitution and premium pay for each rest period that was not provided as

21   required by Labor Code § 226.7.

22   59.    NCR's violations of Labor Code § 226.7 and the applicable IWC Wage Order as alleged

23   above are ongoing and will continue unless and until this Court enters an injunction barring those

24   violations.

25   60.    Plaintiff is entitled to an award of attorneys' fees and costs and expenses incurred in this

26   action under Labor Code § 1194 and Code of Civil Procedure § 1021.5.

27   ////

28   ////

-12-
*Complaint for Damages*

## VIII.

### FIFTH CAUSE OF ACTION

#### (Failure to Provide Accurate Itemized Wage Statements)

61.    Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

62.    As alleged above, during all or some portion of the proposed class period, NCR violated Labor Code § 226 through its practice of failing to provide its employees, including Plaintiff and members of the proposed class, with complete and accurate itemized wage statements. Among other things, the wage statements provided by NCR failed to state accurately the gross wages earned by each employee as required by Labor Code § 226(a)(1).

63.    Under Labor Code § 226(e), Plaintiff and members of the proposed class are entitled to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants failed to comply with the statute, up to a maximum of $4,000 per employee.

64.    Under Labor Code § 226(g), Plaintiff is entitled to injunctive relief and an order of this Court requiring Defendants to comply with all provisions of Labor Code § 226. Plaintiff is also entitled under Labor Code § 226(g) to an award of attorneys' fees and costs incurred in bringing this action.

## IX.

### SIXTH CAUSE OF ACTION

#### (Waiting Time Penalties)

65.    Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

66.    Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay those wages within the time specified by Labor Code §§ 201 or 202, the employer must continue to pay the subject employee's wages day-by-day, weekends included, until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

67.    Defendants unfairly and unlawfully have had a policy and practice of failing to pay

-13-
*Complaint for Damages*

EXHIBIT A
Page 15

1 | Plaintiff and the class member all wages earned in their employment on regular paydays and when due as
2 | required by Labor Code §§ 201 and 202.

3 |      68.    Plaintiff and all other class members who ceased employment with NCR are entitled to
4 | unpaid compensation but thus far have not received that compensation.

5 |      69.    More than 30 days have passed since Plaintiff and certain class members left NCR's
6 | employ.

7 |      70.    As a consequence of NCR's willful failure to compensate Plaintiff and class members
8 | timely for certain hours worked, Plaintiff and class members whose employment ended at any time
9 | within the period from three years preceding the filing of this Complaint up through the present and until
10 | compliance with the law are entitled to 30 days' wages under Labor Code § 203, together with interest.

11 |     Wherefore, Plaintiff pray for relief as set forth below.

12 | <div align="center">X.</div>

13 | <div align="center">**SEVENTH CAUSE OF ACTION**</div>

14 | <div align="center">(Wrongful Termination)</div>

15 |      71.    Plaintiff repeats and realleges each and every paragraph above as though fully set forth
16 | herein.

17 |      72.    During Plaintiff's employment, Defendants had a policy of requiring employees,
18 | including Plaintiff, to use accrued vacation time when sick rather than paying sick time pursuant to its
19 | formal policies.  When Plaintiff complained about having to use his vacation time as sick time and the
20 | other violations as set forth above, Defendants retaliated against Plaintiff and subjected him to adverse
21 | employment action in the form of termination on 05/26/16.  Plaintiff's complaints regarding Defendants'
22 | improper or illegal policies were protected activity in California which seeks to assure every employee is
23 | afforded the rights and remedies under the Labor Code and/or applicable IEC Order.  Plaintiff's
24 | termination was in direct violation of such public policy, and supports Plaintiff's claim for wrongful
25 | termination.

26 |      73.    Plaintiff has suffered severe emotional distress and psychological harm as a direct result
27 | of the Defendants' wrongful termination and therefore seeks damages in amount subject to proof at time
28 | of trial.

<div align="center">*-14-*<br>*Complaint for Damages*</div>

74.    Plaintiff has also suffered economic damages as a direct consequence of his termination of employment in amounts currently unknown to him.  Plaintiff reserves the right to assert and amend this complaint to specify all such damages alleged in this Cause of Action according to proof at or prior to the time of trial.

75.    Defendants, in performing the acts alleged above, acted with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice under California Civil Code § 3294, thereby entitling Plaintiff to exemplary or punitive damages in an amount sufficient to deter Defendants and others from engaging in the same or similar activities in the future.

76.    As a further proximate result of Defendants' action as herein alleged, Plaintiff has been forced to incur reasonable attorney's fees and is entitled by California Labor Code § 1194(a) to recover reasonable attorneys fees according to proof at time of trial.

Wherefore, Plaintiff pray for relief as set forth below.

## IX.

## PRAYER FOR RELIEF

Plaintiff pray for relief as follows:

1.    For an order certifying this action as a class action;

2.    For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid minimum wage, overtime, and double-time compensation, owed to Plaintiff and the class members for the policy and practice of failing to pay all wages due and owing, as well as liquidated damages as appropriate, during the four-year period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

3.    For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiff and the class members for missed meal and rest periods due and owing during the four year period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

4.    For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of failing to pay all

EXHIBIT A
Page 17

minimum wage, overtime, and double-time compensation, owed to Plaintiff and the class members in violation of Business and Professions Code §§ 17200, et seq.;

5.    For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of failing to provide proper meal periods and rest breaks and to pay all wages due and owing for those failures in violation of Business and Professions Code §§ 17200, et seq.;

6.    For compensatory damages to Plaintiff and the class members in an amount according to proof at time of trial for the policy and practice of failing to provide accurate, itemized wage statements during the four-year period preceding the filing of the Complaint up through the present and until the date of compliance with the law;

7.    For the statutory amounts provided by Labor Code § 226(e) for the four-year period preceding the filing of this Complaint up through and including the present and until the date of compliance with the law;

8.    For waiting time penalties as provided by Labor Code § 203;

9.    For compensatory, exemplary, and/or punitive damages for wrongful termination according to proof at time of trial;

10.    For reasonable attorneys' fees and costs as provided by Labor Code §§ 226(e), 226(g), and 1194(a), and Code of Civil Procedure § 1021.5;

11.    For all interest as required by Labor Code § 218.6 and other applicable law;

12.    For all costs of this suit as allowed by law, including Labor Code §§ 226(e), 226(g), and 1194;

13.    For such other and further relief as the Court may deem proper; and

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  November 10, 2017                THE GOULD FIRM

By: _____
EVAN A. GOULD, Attorney for Plaintiff
JOHN BRYANT

*-16-*
*Complaint for Damages*

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Evan A. Gould,134574<br>THE GOULD FIRM<br>9988 Hibert Street, Suite 301<br>San Diego, CA 92131<br>TELEPHONE NO: (619) 291-9858    FAX NO: (619) 291-9859<br>ATTORNEY FOR (Name): Plaintiff John Bryant | 2017 NOV 13 PM 1: 44<br>CLERK<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: Bryant v. NCR

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2017-00043026-CU-OE-CTL |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

**2.** This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
**4.** Number of causes of action (specify): 7
**5.** This case ☑ is  ☐ is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/10/2017

Evan A. Gould, Esq.
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

John Bryant

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:   330 W Broadway | |
| MAILING ADDRESS:   330 W Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101-3827 | |
| BRANCH NAME:   Central | |
| TELEPHONE NUMBER: (619) 450-7070 | |

| PLAINTIFF(S) / PETITIONER(S):   John Bryant |
|---|
| DEFENDANT(S) / RESPONDENT(S):   NCR Corporation |
| |
| JOHN BRYANT VS NCR CORPORATION [IMAGED] |

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2017-00043026-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Randa Trapp                               Department: C-70

**COMPLAINT/PETITION FILED:** 11/13/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/15/2018 | 10:00 am | C-70 | Randa Trapp |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Page 2

EXHIBIT A
Page 21



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00043026-CU-OE-CTL     CASE TITLE: John Bryant vs NCR Corporation [IMAGED]

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| · Saves time | · May take more time and money if ADR does not resolve the dispute |
| · Saves money | |
| · Gives parties more control over the dispute resolution process and outcome | · Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| · Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

SDSC CIV-730 (Rev 12-10)     **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**     Page: 1

1

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

**On-line mediator search and selection:** Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

**More information about court-connected ADR:** Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| **STREET ADDRESS:**    330 West Broadway  **MAILING ADDRESS:**    330 West Broadway  **CITY, STATE, & ZIP CODE:** San Diego, CA 92101-3827  **BRANCH NAME:**    Central | |

| PLAINTIFF(S):   John Bryant |
|---|
| DEFENDANT(S): NCR Corporation |
| SHORT TITLE:   JOHN BRYANT VS NCR CORPORATION [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:  37-2017-00043026-CU-OE-CTL |
|---|---|

Judge: Randa Trapp                                                                              Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____
_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____
_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                              _____
**Name of Plaintiff**                                           **Name of Defendant**

_____                              _____
**Signature**                                                     **Signature**

_____                              _____
**Name of Plaintiff's Attorney**                           **Name of Defendant's Attorney**

_____                              _____
**Signature**                                                     **Signature**

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/13/2017                                        _____
                                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

3

EXHIBIT B

COPY

SEYFARTH SHAW LLP
Daniel Whang (SBN 223451)
dwhang@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

DEC 15 '17 PM 1:18

Attorneys for Defendant
NCR CORPORATION

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JOHN BRYANT, | Case No. 37-2017-00043026-CU-OE-CTL |
| Plaintiff, | UNLIMITED JURISDICTION |
| v. | **DEFENDANT'S ANSWER TO COMPLAINT** |
| NCR CORPORATION; and DOES 1-25, INCLUSIVE, | |
| Defendants. | BY FAX |

Defendant NCR Corporation ("Defendant") hereby files its answer to the unverified Complaint of John Bryant ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any alleged act or omission of Defendant.

## ADDITIONAL DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The additional defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant

EXHIBIT B
Page 25

1  specifically reserves the right to modify, amend, or supplement any additional defense contained herein

2  at any time.

3    Without conceding that it bears the burden of proof or persuasion as to any one of them,

4  Defendant alleges the following additional defenses to the Complaint:

5  <div align="center">**FIRST ADDITIONAL DEFENSE**</div>

6  <div align="center">**(Failure to State a Claim for Relief – All Causes of Action)**</div>

7    The Complaint, and each purported cause of action alleged therein, fails to state causes of action

8  upon which relief can be granted.

9  <div align="center">**SECOND ADDITIONAL DEFENSE**</div>

10  <div align="center">**(No Standing – All Causes of Action)**</div>

11    The Complaint, and each purported cause of action alleged therein, is barred to the extent that

12  Plaintiff lacks standing because he has not suffered any injury-in-fact.

13  <div align="center">**THIRD ADDITIONAL DEFENSE**</div>

14  <div align="center">**(Lack of Standing Under Business and Professions Code Section 17200 – First Cause of Action)**</div>

15    Plaintiff's first cause of action fails to the extent that Plaintiff lacks the requisite standing to sue

16  under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code

17  Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California

18  Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*,

19  must show that he has suffered an injury in fact, in addition to simply alleging a loss of money or

20  property.  Because Plaintiff cannot allege the requisite injury in fact, in addition to the requisite loss of

21  money or property, Plaintiff lacks standing to sue under the UCL.

22  <div align="center">**FOURTH ADDITIONAL DEFENSE**</div>

23  <div align="center">**(Release – All Causes of Action)**</div>

24    The Complaint, and each purported cause of action alleged therein, is barred to the extent that

25  Plaintiff and/or the current or former employees on whose behalf he brought the action entered into or

26  are otherwise bound by compromise, settlement or release agreements regarding those claims.

27

28

<div align="center">2</div>

### FIFTH ADDITIONAL DEFENSE

#### (Accord and Satisfaction – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of accord and satisfaction.

### SIXTH ADDITIONAL DEFENSE

#### (Res Judicata And Collateral Estoppel – All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel, to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action have asserted the same claims in any prior legal or administrative proceeding, and did not prevail on such claims.

### SEVENTH ADDITIONAL DEFENSE

#### (Statute of Limitations – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitation, including, but not limited to, the statutes of limitation contained in California Code of Civil Procedure section 340.

### EIGHTH ADDITIONAL DEFENSE

#### (Unclean Hands – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

### NINTH ADDITIONAL DEFENSE

#### (Estoppel – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are estopped by their conduct to assert any cause of action against Defendant.

3

EXHIBIT B
Page 27

## TENTH ADDITIONAL DEFENSE

### (Waiver – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have waived their claims against Defendant.

## ELEVENTH ADDITIONAL DEFENSE

### (No Willfulness – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred because the alleged conduct of Defendant and its agents was not willful.

## TWELFTH ADDITIONAL DEFENSE

### (Laches – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches. Plaintiff exercised inexcusable delay in commencing this action. Additionally, employees are instructed on how to report any alleged improper activity. To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action failed to report any such alleged conduct, their causes of action are barred by the doctrine of laches.

## THIRTEENTH ADDITIONAL DEFENSE

### (Avoidable Consequences – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of avoidable consequences.

## FOURTEENTH ADDITIONAL DEFENSE

### (Failure to Mitigate – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action failed to mitigate damages.

1    ### FIFTEENTH ADDITIONAL DEFENSE

2    ### (Contribution by Plaintiff's Own Acts – All Causes of Action)

3    The Complaint, and each purported cause of action alleged therein, is barred because any injuries

4    and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts,

5    omissions, and/or failures to act.

6    ### SIXTEENTH ADDITIONAL DEFENSE

7    ### (Offset and Recoupment – All Causes of Action)

8    To the extent a court holds that Plaintiff and/or any current or former employees on whose behalf

9    he brought the action are entitled to damages or penalties, which is specifically denied, Defendant is

10   entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration

11   previously provided to Plaintiff or any current or former employees on whose behalf he brought the

12   action.  To the extent a court holds that Plaintiff and/or any current or former employees on whose

13   behalf he brought the action are entitled to damages or penalties, which is specifically denied, Defendant

14   is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all

15   obligations that Plaintiff or any current or former employees on whose behalf he brought the action

16   owed to Defendant against any judgment that may be entered against Defendant.

17   ### SEVENTEENTH ADDITIONAL DEFENSE

18   ### (Ratification – All Causes of Action)

19   The Complaint, and each purported cause of action alleged therein, is barred on the ground that

20   Plaintiff and/or any current or former employees on whose behalf he brought the action ratified

21   Defendant's alleged actions.

22   ### EIGHTEENTH ADDITIONAL DEFENSE

23   ### (Privilege/Legitimate Business Reasons – All Causes of Action)

24   The Complaint, and each cause of action contained therein, is barred because Defendant had an

25   honest, good faith belief that all decisions, if any, affecting Plaintiff and the current or former employees

26   on whose behalf he brought the action were made by Defendant solely for legitimate, business-related

27   reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as

28   Defendant understood them.

5

EXHIBIT B
Page 29

1

### NINETEENTH ADDITIONAL DEFENSE

2

**(No Knowledge, Authorization, or Ratification – All Causes of Action)**

3      Defendant is not liable for the alleged damages because, if any person or entity engaged in

4  intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the

5  knowledge, authorization, or ratification of Defendant.

6

### TWENTIETH ADDITIONAL DEFENSE

7

**(Failure to Inform Employer of Alleged Violations – All Causes of Action)**

8      The Complaint, and each purported cause of action alleged therein, is barred to the extent

9  Plaintiff did not inform Defendant of any of the violations alleged in the Complaint prior to filing a

10  lawsuit. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged

11  violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his claims.

12

### TWENTY-FIRST ADDITIONAL DEFENSE

13

**(Failure to Show the Lack of Itemized or Accurate Wage Statements –**

14

**First and Fifth Causes of Action)**

15      The first and fifth causes of action in the Complaint are barred to the extent that Plaintiff and/or

16  any current or former employees on whose behalf he brought the action cannot show that Defendant

17  failed to furnish, either as a detachable part of the check, draft, or other voucher paying the employee's

18  wages, an accurate, itemized statement in writing. Plaintiff and/or any current or former employees on

19  whose behalf he brought the action, therefore, have no claim pursuant to California Labor Code section

20  226.

21

### TWENTY-SECOND ADDITIONAL DEFENSE

22

**(Failure to Show Knowing and Intentional Violation – First and Fifth Causes of Action)**

23      The first and fifth causes of action in the Complaint are barred to the extent that Plaintiff and/or

24  any current or former employees on whose behalf he brought the action cannot allege any facts showing

25  that Defendant, or any officer, agent, employee, fiduciary, or other person who has the control, receipt,

26  custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee,

27  willfully, knowingly and intentionally violated the provisions of California Labor Code section 226.

28

1  Plaintiff and any current or former employees on whose behalf he brought the action, therefore, have no

2  claim pursuant to California Labor Code section 226.

3  ### TWENTY-THIRD ADDITIONAL DEFENSE

4  **(No Injury as a Result of Violation of Labor Code § 226 – First and Fifth Causes of Action)**

5  Plaintiff and/or any current or former employees on whose behalf he brought the action have

6  suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore

7  are barred from recovering penalties.

8  ### TWENTY-FOURTH ADDITIONAL DEFENSE

9  **(*De Minimis* – First, Second, Fifth, and Sixth Causes of Action)**

10  The Complaint seeks compensation for time which, even if in fact worked, was *de minimis* and

11  therefore is not recoverable. Pursuant to the *de minimis* doctrine, an employer is not required to pay for

12  insubstantial or insignificant periods of purported off-the-clock work.

13  ### TWENTY-FIFTH ADDITIONAL DEFENSE

14  **(Not Compensable Time – All Causes of Action)**

15  The Complaint, and each purported cause of action alleged therein, is barred to the extent that

16  part or all of the time for which pay is claimed is not compensable time worked.

17  ### TWENTY-SIXTH ADDITIONAL DEFENSE

18  **(Adequate Remedy at Law – First Cause of Action)**

19  The relief requested by Plaintiff pursuant to California Business and Professions Code sections

20  17200, *et seq.* should be denied because Plaintiff has an adequate remedy at law.

21  ### TWENTY-SEVENTH ADDITIONAL DEFENSE

22  **(Good Faith Dispute – First and Sixth Causes of Action)**

23  Plaintiff and/or any current or former employees on whose behalf he brought the action have

24  suffered no injury as a result of any alleged violation of California Labor Code section 201-203 because,

25  at all times relevant and material herein, Defendant did not willfully fail to comply with any provisions

26  of the California Labor Code or applicable wage orders, but rather acted in good faith and had

27  reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage

28  order.

7

### TWENTY-EIGHTH ADDITIONAL DEFENSE

**(Failure to Show Lack of Meal Periods – First and Third Causes of Action)**

The first and third causes of action in the Complaint are barred to the extent that Plaintiff cannot allege facts that show that Defendant required or requested Plaintiff and/or the individuals he seeks to represent to work during any meal period or failed to provide an employee with a meal period in accordance with an applicable order of the California Industrial Welfare Commission or the California Labor Code.

### TWENTY-NINTH ADDITIONAL DEFENSE

**(Waiver of Meal Periods – First and Third Causes of Action)**

To the extent Plaintiff and/or the individuals he seeks to represent voluntarily waived the right to be provided with a meal period for shifts of more than five but less than six hours and/or shifts of more than 10 but less than 12 hours, no violation of the California Labor Code or the Wage Orders occurred.

### THIRTIETH ADDITIONAL DEFENSE

**(Meal Period Breaks Provided – First and Third Causes of Action)**

At all times relevant to the Complaint, Plaintiff and/or the individuals he seeks to represent were provided with the opportunity to take meal periods in compliance with California law. Their choice not to take meal breaks does not create a violation of the California Labor Code or the Wage Orders.

### THIRTY-FIRST ADDITIONAL DEFENSE

**(Failure to Show Lack of Rest Periods – First and Fourth Causes of Action)**

The first and fourth causes of action in the Complaint are barred to the extent that Plaintiff and/or any current or former employees on whose behalf he brought the action cannot allege facts that show that Defendant failed to authority and permit an employee to take a rest period in accordance with an applicable order of the California Industrial Welfare Commission or the California Labor Code.

### THIRTY-SECOND ADDITIONAL DEFENSE

**(Rest Period Breaks Authorized and Permitted – First and Fourth Causes of Action)**

At all times relevant to the Complaint, Plaintiff and/or any current or former employees on whose behalf he brought the action were authorized and permitted to take rest periods in compliance

with California law. Their choice not to take rest breaks does not create a violation of the California Labor Code or the Wage Orders.

## THIRTY-THIRD ADDITIONAL DEFENSE

### (Written Policies Regarding Meal and Rest Periods – First, Third, and Fourth Causes of Action)

Each purported cause of action alleged in the Complaint alleging a meal and/or rest period violation fails because Defendant, at all relevant times, had written policies and procedures in effect that provided meal periods and authorized and permitted rest periods as required by law.

## THIRTY-FOURTH ADDITIONAL DEFENSE

### (Failure to Inform Employer of Alleged Violations – Seventh Cause of Action)

To the extent any of the Defendant's employees or agents engaged in unlawful retaliatory behavior toward Plaintiff, Defendant is not liable for any such retaliation or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

## THIRTY-FIFTH ADDITIONAL DEFENSE

### (Unauthorized Conduct – Seventh Cause of Action)

While Defendant denies that its employees, officers, or agents, acted unlawfully, if any such violation occurred, it occurred outside the scope of employment or agency and without the consent of Defendant. Defendant did not authorize, condone, ratify, or tolerate any conduct that would constitute retaliation, but instead prohibited such acts, and such conduct may not be attributed to Defendant through principles of agency, respondeat superior, successorship, or otherwise.

## THIRTY-SIXTH ADDITIONAL DEFENSE

### (No Malicious Conduct – Seventh Causes of Action)

Plaintiff's claims for punitive damages are barred because the alleged acts or omissions fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless, or fraudulent intent to deny any protected rights, and are not so wanton or willful as to support an award of punitive damages.

### THIRTY-SEVENTH ADDITIONAL DEFENSE

**(Award of Punitive Damages is Unconstitutional – Seventh Cause of Action)**

To the extent that Plaintiff seeks punitive or exemplary damages in the Complaint, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and violates the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

### THIRTY-EIGHTH ADDITIONAL DEFENSE

**(Mixed Motive – Seventh Cause of Action)**

Plaintiff's Complaint is barred to the extent that Plaintiff demonstrates that his protected activities were a motivating factor for any challenged employment action, on the grounds that Defendant would have taken the same action in the absence of such impermissible motivating factor.

### THIRTY-NINTH ADDITIONAL DEFENSE

**(After-Acquired Evidence – Seventh Cause of Action)**

Plaintiff's claims are barred, or his damages, if any, are limited, to the extent he engaged in any misconduct of which Defendant was unaware until after Plaintiff's termination that provides independent legal cause for the termination of his employment.

### FORTIETH ADDITIONAL DEFENSE

**(Reasonable, Good Faith Belief – Seventh Cause of Action)**

The Complaint, and each alleged cause of action, are barred by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them in good faith. Defendant's policies forbid unlawful retaliation.

### FORTY-FIRST ADDITIONAL DEFENSE

**(Right to Raise Other Defenses)**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

10

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of his Complaint;

2.     That Defendant did not damage or harm Plaintiff, or any current or former employees on whose behalf he brought the action, in any way;

3.     That Plaintiff and/or any current or former employees on whose behalf he brought the action are not entitled to any wages, compensation, benefits, penalties, restitution, injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to any act or omission of Defendant;

5.     That the Complaint be dismissed in its entirety with prejudice;

6.     That judgment be entered in favor of Defendant and against Plaintiff on his entire Complaint and on all causes of action alleged therein;

7.     That Defendant be awarded the costs of suit herein incurred as provided by statute; and

8.     That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: December 15, 2017                 Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

Daniel Whang
Attorneys for Defendant
NCR CORPORATION

11

EXHIBIT B
Page 35

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA                )
                                        )   SS
3    COUNTY OF LOS ANGELES              )

4        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5    90067-3021. On December 15, 2017, I served the within document(s):

6        DEFENDANT'S ANSWER TO COMPLAINT

7    ☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.
8

9    ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10   ☒ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the
11   overnight carrier at Los Angeles, California, addressed as set forth below.

12   ☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.
13

14   ☐ electronically by using the Court's ECF/CM System.

15

16       Evan A. Gould, Esq.                                    DEC 15 '17 PM 1:18
      THE GOULD FIRM
17   9988 Hibert Street, Suite 301
      San Diego, CA 92131
18   Tel. (619) 291-9858
      Fax (619) 291-9859
19   gouldfirm@gmail.com
20

21

22       I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
23   postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
24   after date of deposit for mailing in affidavit.

25       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26       Executed on December 15, 2017, at Los Angeles, California.

27   _____

28                    Jeffrey Gimble

PROOF OF SERVICE